■ In the Matter of ATHENS CORNER FOOD CORP., Doing Business as ODYSSEY RESTAURANT, Respondent, v MARGARET A. HAMBURG, as Health Commissioner of the City of New York, Appellant. [669 NYS2d 597] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered on or about January 24, 1997, granting the petition and vacating respondent's determination revoking petitioner's food service establishment permit, unanimously reversed, on the law, without costs, the judgment vacated, the determination confirmed, the petition denied and the proceeding dismissed.

The basis for the permit revocation was an incident on June 23, 1992, in which, during the course of an inspection of the premises, an owner of the restaurant, Chris Kouvaros, offered the inspector a sum of money. Following a hearing before a Hearing Examiner, an order was issued revoking the petitioner's permit, based upon the finding that Kouvaros's conduct constituted an obstruction of or interference with a Department of Health inspection, in violation of New York City Health Code (24 RCNY) § 3.15.

The special proceeding challenging the revocation of the petitioner's food service permit was commenced in April 1994. By order entered September 8, 1994 (Martin Stecher, J.), that petition was granted *only to the extent* of remanding the proceeding to the Hearing Officer to consider de novo the penalty to be recommended. The court noted that the Hearing Examiner had erroneously assumed that revocation of the

permit was the only possible penalty; other than that, Justice Stecher rejected the remaining challenges to the Hearing Examiner's fact findings. On remand, the Hearing Examiner issued a decision dated March 28, 1995, concluding that permit revocation was the appropriate penalty. That finding was upheld by the agency, which again ordered the revocation of the permit on May 15, 1995.

In the subsequent CPLR article 78 proceeding now under review, Justice Marylin Diamond, to whom the proceeding was reassigned upon the retirement of Justice Stecher, granted the petition, vacated respondent's determination and reinstated petitioner's permit. Justice Diamond held that the Hearing Examiner's finding of bribery lacked a rational basis, first quoting section 3.15 (b) of the Health Code as stating that, " '[n]o person shall give or offer a * * * bribe * * * to an employee or agent of the Department engaged in carrying out an inspection, survey or examination or in the performance of any other duty for the Department or Board.' " The court then stated: "the issue is whether Kouvaros's conduct amounted to bribing a public servant to influence the outcome of the sanitary inspections. Despite counsel's arguments to the contrary at the administrative hearing, the Hearing Examiner found by a fair preponderance of the credible evidence that Kouvaros offered a bribe to influence the result of the inspections. The Hearing Examiner found that '[t]here is no requirement that [Kouvaros] specifically state why he made these offers' and that '[a]ttempts to influence the outcome of sanitary inspections can be subtle.' Although the term 'bribe' is not defined in the City's Health Code, the Penal Law provides that a person is guilty of bribery when he 'confers or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced' * * * The term 'understanding' is defined as at least a unilateral perception or belief by a perpetrator that he *will* influence the public servant's conduct [citation omitted]. There must be an 'understanding' attributable to Kouvaros to justify a finding that he bribed a public official. Here, nothing in the record establishes that Kouvaros had an understanding that his actions would influence the result of the sanitary inspections." The court concluded that the testimony of the inspector did not establish an attempt by Kouvaros to influence or alter the outcome of the inspections.

The motion court erred both in revisiting the Hearing Examiner's finding of improper conduct, which a Justice of co-

ordinate jurisdiction had already upheld, and in concluding that the evidence was insufficient to support the charge. First, the specific subdivision of the Health Code quoted by the motion court, i.e., subdivision (b) of section 3.15, was not in effect at the time of the events at issue, and the agency was not required to prove the elements of bribery as defined in the Penal Law in order to support the charge under Health Code § 3.15. The evidence fully supported the Hearing Examiner's finding that Kouvaros violated section 3.15 of the Health Code by giving the inspector $100 during the inspection, with the intention of somehow influencing the outcome of said inspection. Finally, the determination that the petitioner's permit should be revoked was fully warranted.

This appeal, as it seeks review of a determination following a hearing, challenging the determination as unsupported by substantial evidence, is hereby deemed an article 78 proceeding transferred to this Court, and as such, the judgment is vacated, the determination confirmed, the petition is denied, and the proceeding is dismissed (see, Matter of Richmond v Ward, 114 AD2d 330, lv denied 67 NY2d 602). Concur—Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.